## MECHANICS & FARMERS SAVINGS BANK
### vs.
### EDWARD P. SKELLY

| Superior Court | Fairfield County | File #45518 |
|---|---|---|

Present  Hon. ALFRED C. BALDWIN, Judge.

Ogden T. Marsh,            Attorney for the Plaintiff.
Frederick F. Ehrsam,       Attorney for the Defendant.

MEMORANDUM FILED MARCH 20, 1935.

BALDWIN, J.   In 1915, Mary Skelly owned a rectangular piece of land in Bridgeport which was bounded northeasterly 150 feet by Lexington Avenue, southeasterly 100 feet by Grand Street, southwesterly 150 feet by land of Nathaniel Wheeler and had northwesterly 100 feet by land of Nathaniel Wheeler.   This piece of land is divided into four lots. Across the rear is a rectangular lot 100 feet deep having a frontage of 35 feet on Lexington Avenue and being 35 feet wide at the rear.   This lot has an old two-story frame two-family house thereon.   Adjoining this lot is a rectangular lot 75 feet deep having a frontage of 40 feet on Lexington Avenue.   The lot located at the corner of Lexington Avenue and Grand Street is also rectangular having a frontage on the Avenue of 75 feet and on Grand Street of 50 feet.   This lot has a three-story frame building which includes a store and three rooms on the ground floor and a five-room flat on each of the two upper floors.   The remaining lot has a frontage on Grand Street of 50 feet and is 50 feet wide for a depth of 75 feet and then is 25 feet wide for a further depth of 40 feet, being 115 feet deep along its southwesterly boundary.   This lot has a two and one-half story frame house which includes two flats.

On November 27, 1915, Mary Skelly gave to the plaintiff a note for $5800. secured by mortgage upon all of their property.   Subsequently upon payment of $200. this mortgage was released insofar as it applied to the second described lot, the balance, $5600. remaining secured by the mortgage upon the first, third and fourth described lots.

Mary Skelly subsequently deceased leaving a will in which she devised lots one, two and four as herein described to the defendant Edward P .Skelly and lot three to the defendant Margaret Daly.

The plaintiff brought this action of foreclosure against these defendants and thereupon the defendant Daly sought to make an arrangement with the plaintiff to take care of the mortgage, insofar as it applied to her lot and building.

Before bringing this action plaintiff caused the properties to which its mortgage applied to be carefully examined and appraised and from this examination and appraisal I find that the properties herein referred to as lots number one and number four, being the Edward P. Skelly property subject to the mortgage are of the same value as the property herein described as lot number three, being the Margaret Daly property.

This action was brought July 27, 1934. On October 3, 1934, plaintiff received from the defendant Daly her note for $2800. secured by mortgage upon the Daly property and one-half of the accrued interest upon the whole mortgage debt and thereupon released the Daly property from the incumbrance of the mortgage under foreclosure. Plaintiff then filed a supplemental complaint setting up these facts and claiming judgment of foreclosure against the defendant Edward P. Skelly for the balance of the mortgage indebtedness being $2800. with interest from July 1st.

Defendant Skelly has filed an answer and a counterclaim in which he alleges that the release to Daly was without proper notice to him and was not equally apportioned in that the Daly property which was released from the mortgage being foreclosed was of far greater value than the Skelly property and that the burden of the mortgage remaining upon the Skelly property was greatly increased and claiming damages and that the mortgage remaining upon his land be reduced in value to a sum proportionate to the value of the land released, and other equitable relief.

The value of the Daly property at the time this division was made was $5600. and the value of the two Skelly properties subject to the remaining incumbrances of the mortgage was $5600. The division of this mortgage between Edward P. Skelly and Margaret Daly at the time was a fair and equitable arrangement.

The plaintiff is entitled to a judgment of foreclosure against the defendant Edward P. Skelly.

The mortgage debt, including interest to this date, is $2920.33.

The law day may be the fourth Monday of September, 1935.